IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA,

        PLAINTIFF,

v.                      Case No. 6:14-cv-3009

RUSSELL NOVELL,
JAN NOVELL, and
MISSOURI DEPT. OF REVENUE,

        DEFENDANTS,

---

Russell, the man and real party                       16 June 2014

        Respondent,

---

## NOTICE OF JURISDICTIONAL FAILING

1. Russell, the man and real party NOT representing any fictions, is an American National and lives on the land at 544 Four Mile Rd, Long Lane, Republic of Missouri without UNITED STATES.
2. Russell, the man and real party has studied jurisdictional requirements and submit the following information regarding Case No. 6:14-cv-03009:

ELEMENTS OF JURISDICTION

A) <u>The accused must be properly identified</u>, identified in such a fashion there is no room for mistaken identity. The individual must be singled out from all others; otherwise, anyone could be subject to arrest and trial without benefit of "wrong party" defense. Almost always, the means of identification is a person's proper name, BUT ANY MEANS OF IDENTIFICATION IS EQUALLY VALID IF SAID MEANS DIFFERENTIATES THE ACCUSED WITHOUT DOUBT. (There is no constitutionally valid requirement to submit to demands for identification, see 4th Amendment; also see, Brown v. Texas, 443 US 47 and Kolender v Lawson, 461 US 352.)

B) <u>The statute of offense must be identified by its proper or common name.</u> A number is insufficient. If a number were to be deemed sufficient, government could bring new and different charges at any time by alleging clerical error. For any act to be triable as an offense, <u>it must be declared to be a crime.</u> Charges must negate any exception forming part of the statutory definition of an offense, by affirmative non-applicability. In other words, any charge must affirmatively negate any exception found in the law.

C) <u>The acts of alleged offense must be described in non-prejudicial language and detail so as to enable a person of average intelligence to understand nature of charge (to enable preparation of defense); the actual act or acts constituting the offense complained of.</u> The charge must not be described by parroting the statute; not by the language of same. The naming of the acts of the offense describes a specific offense whereas the verbiage of a statute describes only a general class of offense. Facts must be stated. Conclusions cannot be considered in the determination of probable cause.

D) <u>The accuser must be named.</u> He/she may be an officer or a third party, but some positively identifiable person (human being) must accuse; some certain person must take responsibility for the making of the accusation, <u>not an agency or an institution.</u> This is the only valid means by which a citizen may begin to face his accuser. Also, the injured party (corpus delicti) must make the accusation. <u>Hearsay evidence may not be provided.</u> Anyone else testifying that they heard that another party was injured does not qualify as direct evidence.

E) <u>The accusation must be made under penalty of perjury.</u> If perjury cannot reach the accuser, there is no accusation. Otherwise, anyone may accuse another falsely without risk.

F) To comply with the five elements above, that is for the accusation to be valid, <u>the accused must be accorded due process.</u> **Accuser must have complied with law, procedure and form in bringing the charge.** This includes court-determined probable cause, summons and notice procedure. If lawful process may be abrogated in placing a citizen in jeopardy, then any means may be utilized to deprive a man of his freedom, **and all dissent may be stifled by utilization of defective process.**

"The essential elements of due process are notice and an opportunity to defend." Simon v Craft, 182 US 427. "One is not entitled to protection unless he has reasonable cause to apprehend danger from a direct answer. The mere assertion of a privilege does not immunize him; the court must determine whether his refusal is justified, and may require that he is mistaken in his refusal." Hoffman v. United States, 341 U.S. 479 (1951)

G) <u>The court must be one of competent jurisdiction.</u> To have valid process, the tribunal must be a creature of its constitution, in accord with the law of its creation, i.e., Article III judge.

Lacking any of the seven elements or portions thereof, (unless waived, intentionally or unintentionally) all designed to ensure against further prosecution (double jeopardy); it is the defendant's duty to inform the court of facts alleged for determination of sufficiency to support conviction, should one be obtained. Otherwise, there is no lawful notice, and charge must be dismissed for failure to state an offense. Without lawful notice, there is no personal jurisdiction and all proceedings prior to filing of a proper trial document in compliance with the seven elements is void. A lawful act is always legal but <u>many legal acts by government are often unlawful.</u> Today, informations are being filed and prosecuted by <u>"accepted practice"</u> rather than due process of law.

> Corpus Juris Secundum assumes courts will operate in a lawful manner. Jurisdiction, once challenged, <u>is to be proven</u>, **<u>not by the court/judge</u>**, but <u>by the party attempting to assert jurisdiction</u>. The burden of proof of jurisdiction lies with the asserter. <u>The court is only to rule on the sufficiency of the proof tendered</u>. See, McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). The origins of this doctrine of law may be found in MAXFIELD v. LEVY, 4 U.S. 330 (1797), 4 U.S. 330 (Dall.) 2 Dall. 381 2 U.S. 381 1 L.Ed. 424

(Emphasis added by Russell.)

3. Russell, the man and real party finds that the plaintiff lacks venue. [cf.4 USC § 72]
4. Russell, the man and real party finds that the plaintiff has not properly identified the accused.
5. Russell, the man and real party finds that the accuser is not properly named.
6. Russell, the man and real party, finds that the plaintiff has made no proper verification of the accusation sworn under penalties of perjury.
7. Russell, the man and real party, finds that the accuser has not complied with law, procedure and form in bringing the charge and therefore served defective process.
8. Russell, the man and real party, suspects that the court is not a court of competent jurisdiction.
9. Russell, the man and real party find that the plaintiff has not properly enjoined Russell, the man and real party.
10. Russell, the man and real party is aware that an unverified complaint is a sham pleading and is void on its face.
11. Russell, the man and real party, expects a timely response to this NOTICE OF JURISDICTIONAL FAILING either in the form of jurisdictional repair or dismissal.
12. Russell, the man and real party verifies the above to be correct to the best of his knowledge and belief.

Respectfully,

*[signature]*
Russell, American National

PROOF OF SERVICE

**AFFIDAVIT OF SERVICE BY CERTIFIED MAIL**

Russell Lee Novell, a man and American National
c/o 544 Four Mile Road
Long Lane, Republic of Missouri

This is to affirm that I, **Russell**, your Affiant, am over the age of majority and personally have on this 16th day of June, 2014, caused the following documents:

1. One copy of: NOTICE OF JURISDICTIONAL FAILING, Case No: 6:14-cv-3009

to be faxed to:

> Mark C. Milton
> Trial Attorney, Tax Division
> U.S. Department of justice
> P.O. Box 7238, Ben Franklin Station
> Washington D.C, 20044
> Fax No. (202) 514-6770

I also mailed:
1. One Original of NOTICE OF JURISDICTIONAL FAILING, Case No: 6:14-cv-3009
2. One original Proof of Service

by Certified Mail No. 7009 3410 0001 6684 0592 addressed to:

> United States District Court for the
> Western District of Missouri
> United States Courthouse
> 222 North John Q. Hammons Parkway
> Springfield, Missouri 65806

I, Russell Lee Novell, a man and American National, swear that the above is true, correct, complete and certain, so help me God.

Signature of American National Affiant: _/s/ Russell Lee Novell_

Page | 4 of 4  NOTICE OF JURISDICTIONAL FAILING, Case No: 6:14-cv-3009