UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cv-3009-MDH |
| | ) | |
| RUSSELL NOVELL, | ) | |
| JAN NOVELL, and | ) | |
| MISSOURI DEPT. OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JUDGMENT ON COUNTS II AND III OF THE COMPLAINT

Before the Court is the United States' Motion for Summary Judgment on Counts II and III of the Complaint. (Doc. 57). Upon consideration of the motion and the record in this case, the Court **GRANTS** the motion and **ENTERS FINAL JUDGMENT ON COUNTS II AND III OF THE COMPLAINT**.

## ANALYSIS

Plaintiff's complaint in this matter brings three counts: Count I seeks to reduce tax assessments against Jan Novell to judgment, Count II seeks to reduce tax assessments against Russell Novell to judgment, and Count III seeks to foreclose on federal tax liens on the property located at 544 Four Mile Road, Long Lane, Missouri 65590 ("Property"). The Court approved a stipulation between the United States and the Missouri Department of Revenue concerning the relative priority of their lien interests on the Property under Count III, which resolved all claims against that defendant (Doc. 49). The Court also approved a stipulation between the United States and Jan Novel concerning Counts I and III, resolving all claims against that defendant.

(Doc.55). Pursuant to the stipulation with Ms. Novell, the Court entered final judgment on Count I of the Complaint pursuant to Fed. R. Civ. P. 54(b). (Doc. 55).

The claims against Russell Novell, Counts II and III, remain unresolved. On September 16, 2014, the United States filed a Motion for Summary Judgment against Mr. Novell, seeking judgment on the unresolved claims. (Doc. 57). Mr. Novell did not respond to the motion.[1] The motion is now ripe for review.

## Standard of Review

Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## Application

As an initial matter, the Court notes that there are no genuine issues of material fact in this case. The United States met its burden to prove a lack of disputed material facts by citing

---

[1] Jan Novell responded to the motion to preserve her right to contest the 1999 and 2001 liens filed by the State of Missouri; she does not object to the entry of Summary Judgment against Russell Novell and stated that the parties intend to address this matter in the later Distribution Order. (Doc. 66).

2

affidavits and providing documentary support in favor of its position. The United States also noted that Mr. Novell effectively admitted the facts of the complaint by failing to deny any allegation made against him within his response to the complaint.[2] "In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Because the United States met its burden to prove the absence of a genuine issue of material fact, the burden shifted to Mr. Novell to set forth specific facts showing a genuine issue for trial. Mr. Novell failed to satisfy this burden.

### 1. Reducing the Tax Assessments to Judgment.

The United States requests that its tax assessments against Mr. Novell be reduced to judgment in the sum of $657,299.11. "Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." *N. Dakota State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001). Certificates of Assessments and Payments, or IRS Forms 4340, are sufficient to establish the validity of the assessments. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). "[F]or the purposes of summary judgment, the introduction of the Certificates of Assessments and Payments by the United States satisfies its burden of making a prima facie case, and the burden is then shifted to the taxpayer to demonstrate that the United States' assessment is incorrect." *United States v. Crockett*, No. 10-CV-04247-NKL, 2012 WL 174652 (W.D. Mo. Jan.

---

[2] In his document labeled "Response to Complaint," Mr. Novell makes multiple arguments but does not specifically admit or deny the allegations asserted against him, as required by Rule 8(b)(1). (Doc. 4). To the extent that Mr. Novell's filing could be viewed liberally as a motion, rather than a responsive pleading, the Court notes that Mr. Novell failed to file a responsive pleading within fourteen days after the Court denied his motion, as required by Rule 12(a)(4). To date, Mr. Novell has not filed any reply concerning the specific factual allegations made within the complaint. Instead, Mr. Novell repeatedly asserts only that he does not live in the United States (but admits to living in Missouri). As to liability, Mr. Novell states that he transacts at arm's length with the state and does not accept liability of any unrevealed contract. Otherwise, Mr. Novell's filings merely pose questions to the Court or claim procedural errors that are without merit.

23, 2012). The United States is entitled to summary judgment where the taxpayer fails to "present evidence of an arbitrary or erroneous determination of his or her tax burden." *Id.* at *2.

To establish the validity of the assessments made against Mr. Novell, the United States submitted IRS Forms 4340 along with an affidavit from IRS officer, Cynthia Davenport. Pl.'s Exs. 1-2. Ms. Davenport reviewed Mr. Novell's file on September 15, 2014 and calculated the total balance of Mr. Novell's assessed liabilities based on the Certificates of Assessments and Payments (Forms 4340) from August 12, 2014, the accrued interest, and the accrued statutory penalties. Similarly situated courts have held that such assessments and affidavits represent a sufficient evidentiary showing to shift the burden to the taxpayer. *Crockett*, 2012 WL 174652, at *3. Here, Mr. Novell presented no evidence that the assessments were erroneous or that the IRS arbitrarily determined his tax liability.[3] Thus, the United States is entitled to Summary Judgment on Count I in the amount of $657,299.11, plus interest accruing according to law from September 15, 2014. Such amount reflects the federal income tax assessments made against Mr. Novell for income taxes for 2001, 2002, 2007, and 2008, and civil penalties for 2007 and 2008.

### 2. Foreclosure of the Tax Liens on the Property.

The government next requests the Court to enforce the federal tax liens against the property at issue in Count III. The Court finds such action appropriate.

The Internal Revenue Code provides that if any person who is liable to pay taxes either neglects or refuses to pay the assessed tax after notice of demand, the amount of the assessed tax plus any interest and penalties, "shall be a lien in favor of the United States upon all property and

---

[3] Mr. Novell's filings challenge the jurisdiction of this Court over him but he provides no facts or legal authority supporting his challenge. He claims merely that Plaintiff failed to establish its burden to prove jurisdiction – an argument that the Court denied multiple times. (Docs. 18, 29, 32, 37, 64). Mr. Novell also challenges, again without a factual basis or legal authority, that he is not subject to taxation by Plaintiff because Plaintiff has no authority over him. Such arguments have been repeatedly struck down in tax cases. *See, e.g., United States v. Beale*, 574 F.3d 512, 518-19 (8th Cir. 2009).

4

rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien arises at the time the assessment is made and does not terminate until the assessed liability is satisfied or otherwise unenforceable due to lapse of time. *Id.* at § 6322. "If the taxpayer does not pay the amount assessed, then the amount automatically becomes a tax lien on all property belonging to the taxpayer and the IRS may proceed with further collection actions." *Pagonis v. United States*, 575 F.3d 809, 812 (8th Cir. 2009) (internal citations omitted).

Here, the undisputed evidence indicates that the Secretary of Treasury made assessments for federal tax, interest, and penalties against Mr. Novell for tax years 2001, 2002, 2007, and 2008. The Secretary notified Mr. Novell of each assessment and Mr. Novell failed to pay the assessed amounts. *See* Davenport Aff ¶ 7-8. Therefore, based upon Section 6321 and the above reduction of tax assessment as to Mr. Novell, the United States currently has a lien in favor of all of Mr. Novell's "property and rights to property" in the amount of $657,299.11. Pursuant to the stipulation with Ms. Novell and the judgment previously entered on Count II, the United States also has a lien in favor of Jan Novell's "property and rights to property" in the sum of $14,817.64. The next issue becomes whether the Novells have a "right" to the property at issue, such that their federal tax liens attached to the Property. The undisputed evidence indicates that the Novells acquired the Property via warranty deed dated September 30, 2002 and thereafter recorded numerous warranty deeds purporting to convey the Property to an entity called Surf Enterprise.[4] Pl's Ex. 2.

The scope of the property to which federal liens attach under section 6321 is exceptionally broad. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985).

---

[4] According to the Complaint, the Novells recorded three warranty deeds purporting to transfer the Property to Surf Enterprise. The first two – recorded on February 6, 2004 and March 5, 2004 – allegedly deeded the Property to "SURF ENTERPRISE, Clark County, Nevada," however, each contained an incorrect legal description of the Property. The third warranty deed purported to convey the Property to "SURF ENTERPRISE CORP. Panama, Republic of Panama" and contained a correct legal description of the Property; it was recorded October 25, 2006.

5

Federal tax liens may properly attach to "property held by a third party . . . where the third party is the nominee or alter ego of the taxpayer." *Dean v. United States*, 987 F. Supp. 1160, 1164 (W.D. Mo. 1997); *United States v. Scherping*, 187 F.3d 796, 801 (8th Cir. 1999). The concepts "nominee" and "alter ego" are similar and often blurred. *Baum Hydraulics Corp. v. United States*, 280 F. Supp. 2d 910, 917 (D. Neb. 2003); *United States v. Engels*, No. C98-2096 MJM, 2001 WL 1346652 (N.D. Iowa Sept. 24, 2001) (amended in part on other grounds). Generally, "[a] nominee is one who holds bare legal title to property for the benefit of another." *Scoville v. United States*, 250 F.3d 1198, 1202 (8th Cir. 2001). An "alter ego" is an "entity . . . without economic substance" that "acts like, or, for another to the extent that they may be considered identical." *Scherping*, 187 F.3d at 801-02.

State law determines the nature and extent of a taxpayer's interest in property, including whether such property is held by the taxpayer's a nominee or alter ego. *United States v. Brice*, No. 3:10-CV-5062-DGK, 2012 WL 1078191 (W.D. Mo. Mar. 30, 2012). Courts applying Missouri law look to certain "badges of fraud" in order to determine whether a conveyance of real estate to a nominee or alter ego was fraudulent. *See Scoville*, 250 F.3d at 1202 (nominee analysis); *see also Brice*, 2012 WL 1078191 at *5 (alter ego analysis). Such "badges of fraud" include:

> (1) whether the conveyance is to a near relative; (2) inadequacy of consideration; (3) if the transaction is different from the usual method of transacting business; (4) whether the transfer appears in anticipation of suit or execution; (5) retention of possession by the transferor; (6) the transfer of all or nearly all of the transferor's property; (7) insolvency caused by the transfer; and (8) the failure to produce rebutting evidence when circumstances surrounding transfer are suspicious.

*Id.* The presence of several badges raises a presumption of fraud. *See Brice*, 2012 WL 1078191 at *6.

6

Here, the facts show that Mr. and Ms. Novell fraudulently transferred the Property to Surf Enterprise Corp. in order to evade payment of their federal income tax liabilities. The transferee is a legal fiction that is not incorporated under the laws of any state. "Surf Enterprise Corp." paid no consideration for the Property and the purported transfer rendered the Novells insolvent. The transfer occurred after the government filed Notices of Federal Tax Liens on the property for over $200,000. Furthermore, the Novells continued, and Mr. Novell continues, to retain complete possession, dominion, and control over the Property. Moreover, Ms. Novell acknowledged that Surf Enterprise "is a sham entity created by Russell Novell to thwart IRS collection efforts." Stip. U.S. & Jan Novell ¶ 5. Mr. Novell failed to file denials in response to the United States' allegations that Surf Enterprise is a sham or that the transfer was made to fraudulently avoid tax liability. In sum, the undisputed facts indicate that the purported transfer of the Property was fraudulent; therefore, Surf Enterprise holds the Property as a nominee and/or alter ego of Russell and Jan Novell and the federal tax liens properly attach to the Property.[5]

Finally, the United States seeks to enforce its lien on the Property. To enforce a lien "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." 26 U.S.C. § 7403(b). After notice to the parties and adjudication of all matters related to liens upon the property, the Court "may decree a sale of such property, by the proper office of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *See* 26 U.S.C. § 7403(c). The Supreme Court stated that "[w]e can think of virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *United States v. Rodgers*, 461 U.S. 677, 709 (1983).

---

[5] The United States filed Notices of Federal Tax Liens on the Property for the relevant years. Pl. Ex. 4. The notices list Russell Novell, Jan Novell, and "Surf Enterprises Corp. as nominee of Russ L. Novell and Jan S. Novell."

7

Here, all persons with an interest in the Property were made parties to the action - Russell Novell, Jan Novell, and the Missouri Department of Revenue. Both the Missouri Department of Revenue and Ms. Novell consent to the sale of the Property. Mr. Novell did not respond to the summary judgment motion or provide the Court a valid reason to deny the request for sale. Although Mr. Novell lives on the Property, the Court cannot refuse to authorize a sale merely to protect the interests of the delinquent taxpayer himself.

## DECISION

Based on the foregoing analysis, the Court **GRANTS** the United States' Motion for Summary Judgment on Counts II and III of the Complaint (Doc. 57) and hereby **ENTERS FINAL JUDGMENT ON COUNTS II AND III OF THE COMPLAINT** as set forth below:

1. Judgment is entered in favor of the United States and against Defendant Russell Novell on Count II of the Complaint regarding federal income tax assessments made against him for income taxes for 2001, 2002, 2007, and 2008, and civil penalties for 2007 and 2008, in the total amount of $657,299.11, plus interest accruing according to law from September 15, 2014.

2. The United States has valid and subsisting tax liens that attached to all property and rights to property held by Russell Novell and Jan Novell, including the property located at 544 Four Mile Road, Long Lane, Missouri 65590 (Dallas County) (the "Property").

3. The federal tax liens described above in paragraph 2 attached to and are enforced against the Property, and the Property shall be sold. The United States shall submit a proposed order of sale within seven (7) days of this judgment.

**IT IS SO ORDERED.**

DATE: October 28, 2014

                                                     */s/ Douglas Harpool*
                                                    DOUGLAS HARPOOL
                                                    UNITED STATES DISTRICT JUDGE